862 F.2d 321
 10 ITRD 1928
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SAMSONITE CORPORATION, Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
Echolac Co., Ltd., Cosmopolitan Trunk and Leather Mfg. Co.,
Ltd. and Baltimore Luggage Company, Intervenors.
 No. 88-1249.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1988.
 
 Before BISSELL, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The United States International Trade Commission's (Commission) final determination in Investigation No. 337-TA-262, finding no violation of section 337, 19 U.S.C. Sec. 1337 (1982 & Supp. IV 1986), is affirmed-in-part and vacated-in-part.
 
 OPINION
 
 2
 Section 337 is not violated unless the Commission finds both a tendency to substantially injure an efficiently and economically operated domestic industry and an unfair method of competition or unfair act. See 19 U.S.C. Sec. 1337(a). Here, the Commission concluded that the importation of the luggage does not have the tendency to substantially injure Samsonite. This court's review of that injury determination is limited. See 19 U.S.C. Sec. 1337(c) (providing for appellate review in accordance with 5 U.S.C. Sec. 706 (1982)). We conclude that the findings relevant to the injury question are supported by substantial evidence and that the determination of no tendency to substantially injure is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2); see also Corning Glass Works v. United States Int'l Trade Comm'n, 799 F.2d 1559, 1568, 230 USPQ 822, 828 (Fed.Cir.1986). Because the unfair competition issues are "mooted by affirmance on the grounds of no injury, we vacate the portion of the Commission's decision dealing with those issues." Corning, 799 F.2d at 1572, 230 USPQ at 831.
 
 SANCTIONS AND COSTS
 
 3
 Intervenors' requests for sanctions are denied. Parties shall bear their own costs.